IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FAURICE MORGAN, #69133-079**                                                 **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO.  3:06-cv-284-HTW-LRA**

**UNITED STATES OF AMERICA and JOHN DOES**          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate incarcerated within the Bureau of Prisons, filed this civil rights complaint against the United States of America and John Does.  On February 12, 2007, an order [18] was entered which directed the Plaintiff to file a written response, within fifteen days.  The order warned Plaintiff that his failure to timely comply with the requirements of the order or his failure to keep this Court informed of his current address, would result in the dismissal of his complaint.  Plaintiff failed to comply with this order.

On June 4, 2007, an order [20] was entered directing Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's February 12, 2007 order.  In addition, Plaintiff was directed to comply with the Court's order by filing a written response, within fifteen days.  The show cause order warned Plaintiff that failure to timely comply with the requirements of the order or failure to keep this Court informed of his current address, would lead to the dismissal of his complaint, without further notice.  Plaintiff did not comply with the Court's show cause order.  On June 28, 2007, the envelope [21] containing the show cause order was returned by the postal service with the notation "return to sender, undeliverable and unable to forward."

Plaintiff has not complied with two Court orders, nor has he contacted this Court since November 28, 2006.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 19th day of July, 2007.

                                        s/ HENRY T. WINGATE
                                        CHIEF UNITED STATES DISTRICT JUDGE